## SMITH v SMITH'S ADMR.

**Partnership — Process on One Member — Default Judgment.**

> A defendant on whom process was served had no right to assume that judgment could not be taken before the process was served on his partner and codefendant.

**Same — Counterclaim.**

> A counterclaim may be set up by one partner after judgment has been rendered against the other by default.

**Laches.**

> One who is guilty of *laches* cannot complain of a default judgment, though mistaken in his belief of his rights.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

February 26, 1866.

OPINION BY THE COURT:

The defendants had no right to assume that the plaintiff would ·sue or had sued and would take a judgment for such balance only as was admitted to be due by the account made out by themselves.

The defendant on whom process was served had no right to assume that judgment could not or would not be taken before the process was served on his partner and codefendant. If he had attended to his case he would have learned that judgment might be taken against himself alone, without service of process on his codefendant. The defendants having in reliance upon these assumptions, or from some other cause, failed to make timely defense or answer in the action, and having shown no sufficient excuse for this failure, have no right to complain of the refusal to

set aside a valid judgment against the defendant served with the process, and to permit the defendants by joint answer to set up a counterclaim, arising to a great extent since the death of the intestate creditor, and which if available may still be set up by one of the defendants in the further prosecution of this action against him — or if that be abandoned, may be set up in another action by him, if not by both of the present defendants.

Wherefore, the judgment is affirmed.